**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 06-MJ-01082-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MANUEL PELAYO ORTEGA,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION
DETERMINATION OF COMPETENCY**

---

**Blackburn, J.**

This matter is before me for consideration of defendant's **Motion For Determination Of Competency** [#6] filed April 27, 2006. I grant the motion.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion For Determination Of Competency** [#6] filed April 27, 2006, **IS GRANTED** *pro tanto*;

2. That pursuant to 18 U.S.C. 4241(a), and unless continued for good cause, a hearing to determine the competency of the defendant shall be held conducted on June 30, 2006, at 1:30 p.m., at which time counsel and the defendant shall appear without further notice or order from the court;

3. That prior to the competency hearing and pursuant to the provisions of 18 U.S.C. § 4247(b), a psychiatric examination shall be conducted by a licensed or

certified psychiatrist;

     4. That the defendant, who is in the custody of the Attorney General, shall be placed forthwith at a suitable facility, as defined by 18 U.S.C. § 4247(a)(2), for a period not to exceed thirty (30) days to facilitate the examination and to implement the orders of this court;;

     5. That the licensed or certified psychiatrist conducting the psychiatric examination shall be granted reasonable access to the defendant to facilitate the examination and to implement the orders of this court;

     6. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the examination of the defendant, a psychiatric report shall be prepared by the designated examiner and shall be filed with the court, with copies to be provided to counsel for the government and the defendant;

     7. That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4),[1] the psychiatric report shall include the following:

     a. The defendant's history and present symptoms;

     b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

     c. The examiner's findings;

     d. The examiner's opinions as to the diagnosis and prognosis; and

     e. The examiner's opinion about whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

---

[1] Because 18 U.S.C. § 4241 is apposite, then the examiner must opine as to competency as required by 18 U.S.C. § 4247(c)(4)(A).

8. That no statement made by the defendant in the course of the psychological examination shall be admissible as evidence against the defendant on the issue of guilt in any criminal procedure; and

9. That pursuant to 18 U.S.C. 3161(h)(1)(A), the period of delay resulting from the psychiatric examination and the subsequent judicial proceeding to determine the mental competency of the defendant shall be excluded from the calculation of speedy trial.

Dated May 3, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**